UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1:12-CR-372 (LMB) |
| | ) | |
| CHARLIE SONG, | ) | Hearing date: October 16, 2012 |
| | ) | |
| Defendant | ) | |
| | ) | |

## MOTION RE CONDUCTING MENTAL HEALTH EXAMINATION

Pursuant to Rule 12.2(c) of the Federal Rules of Criminal Procedure, the Court must order that the defendant be examined under 18 U.S.C. § 4242 if the defendant gives Notice that he intends to raise at trial a defense of insanity at the time of the alleged offense, and the government moves for such an examination. In this case, government counsel has informed defense counsel that the government (as expected) will move for such an examination.

Therefore, Mr. Song, through counsel, moves for certain procedures to be followed in the conducting of such an examination.

1. Title 18, U.S.C. Section 4242(a) states that the examination will be conducted pursuant to 18 U.S.C. § 4247(b). Section 4247(b) requires that the examination be conducted by a licensed or certified psychiatrist or psychologist designated by the court. However, section 4247(b) does *not* require that the defendant be committed to custody for the purpose of conducting the examination.

A custodial examination might be appropriate where the defendant is already being held in custody without bond. However, if a defendant is on bond, requiring remand into custody for the purpose of an examination would punish the defendant for asserting his right to raise an insanity

defense and would have a chilling effect on future defendants on bond who might be considering raising such a defense.

In addition, any discretion given the court by § 4247(b) to remand a defendant into custody for the purpose of an examination is subject to due process requirements. *See United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012); *In re Newchurch*, 807 F2d 404,409 (5th Cir. 1986). Before committing a defendant to custody for the purpose of such an examination, the court must determine, on the basis of evidence submitted by the government, subject to cross-examination and to rebuttal by the defendant, that the government cannot adequately prepare for trial on the insanity issue by having the defendant examined as an outpatient. *See United States v. Neal*, 679 F.3d at 741; *In re Newchurch*, 807 F2d at 411.

Therefore, Mr. Song moves the Court to designate a licensed or certified psychiatrist or psychologist from the metropolitan Washington, D.C. area to conduct the examination, and further to allow Mr. Song to remain on bond with the additional condition that he cooperate in that examination and be allowed to travel directly to and from the location of that examination with advance notice to Pretrial Services.

2.  It is anticipated by Mr. Song and his counsel that the psychiatrist or psychologist designated to conduct the examination may ultimately be called as a government witness at trial to give an expert opinion regarding mental health issues related to Mr. Song. Should that happen, counsel for Mr. Song would need the ability to cross-examine that expert witness effectively and present contrary evidence to rebut or discredit that witness in order to adequately represent Mr. Song pursuant to the Sixth Amendment.

Therefore, Mr. Song moves the Court to order that Dr. Elizabeth Stuller, the psychiatrist who

will be the defense expert, be permitted to be present during any examination of Mr. Song conducted by the psychiatrist or psychologist designated by the Court. *See United States v. Albright*, 388 F.2d 719, 727 n.11 (4th Cir. 1968). The presence of Dr. Stuller would be conditioned upon her being restricted to merely observing the examination, without making any comments or doing or saying anything that might interrupt or interfere with the examination.

In the alternative, Mr. Song moves for an order that any examination conducted by the psychiatrist or psychologist designated by the Court be videotaped and recorded in such a manner that the visual and audio portions are clear and distinct, and that such a recording be made available to the Court and both parties. *See* 18 U.S.C. § 4247(f).

Finally, in this regard, Mr. Song requests that the Court order that the only persons allowed to be present during the examination are Mr. Song and the psychiatrist or psychologist designated to conduct the examination, with the addition of Dr. Stuller if the Court so orders.

        Respectfully submitted,

        CHARLIE SONG

        By Counsel,

        Michael S. Nachmanoff,
        Federal Public Defender

        By:_____/s/_____
        Kevin Brehm
        Assistant Federal Public Defender
        VA Bar number 82895
        Attorney for Charlie Song
        Office of the Federal Public Defender

1650 King Street, Suite 500  
Alexandria, Virginia 22314  
703-600-0825  
703-600-0880 (fax)  
kevin_brehm@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of October, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ryan Dickey, Esq.
Assistant U.S. Attorney
Alicia J. Yass, Esq.
Special Assistant U.S. Attorney (LT)
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
(703) 299-3980 (fax)
ryan.dickey@usdoj.gov
alicia.j.yass@usdoj.gov

                                              /s/
                                     Kevin Brehm
                                     Assistant Federal Public Defender
                                     VA Bar number 82895
                                     Attorney for Charlie Song
                                     Office of the Federal Public Defender
                                     1650 King Street, Suite 500
                                     Alexandria, Virginia 22314
                                     703-600-0825
                                     703-600-0880 (fax)
                                     kevin_brehm@fd.org