**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No. 1:12-CR-372 (LMB) |
| ) | |
| CHARLIE SONG, ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

**EMERGENCY MOTION TO STAY ORDER OF COMMITMENT**

The Defendant, CHARLIE SONG, by counsel, hereby respectfully moves this Honorable Court, pursuant to Rule 8(a)(1) of the Federal Rules of Appellate Procedure, to stay its Order requiring Mr. Song to surrender to a Bureau of Prisons (BOP) facility for a custodial mental health evaluation on November 8, 2012 (Dkt. No. 53), pending the appeal from that order to the Fourth Circuit Court of Appeals which has now been filed. A stay of the commitment order is necessary to prevent the appeal from becoming moot and to prevent irreparable harm. *In the alternative*, should this Court deny the stay, then Mr. Song requests that this Court postpone the surrender date by two weeks, to November 22, 2012, to allow Mr. Song time to seek a stay from the Fourth Circuit Court of Appeals.

**BRIEF IN SUPPORT**

**I. BACKGROUND**

Mr. Song is facing an indictment charging attempted receipt of and possession of child pornography. He has no prior record of arrests or convictions. Mr. Song is currently on pretrial

1

release under very stringent conditions while awaiting trial. Those conditions confine him to his home except for brief and limited authorized travel accompanied by an adult sister. He resides with his elderly mother, who suffers from serious health problems (including diabetes and an injured hip) and is now bedridden. Mr. Song is the primary physical caretaker for his mother (such as frequently assisting her to go to the bathroom) since his sisters are not strong enough to carry out some of the required duties or are not available.

During a "status hearing" held in open court on October 16, 2012, and over objection of defense counsel, this Court stated that Mr. Song would be examined in the *custody* of the Bureau of Prisons, *rather than* on an outpatient basis, for purposes of determining competency to stand trial and issues related to the insanity defense for which Mr. Song had filed notice.

In its pleading on this issue filed October 15, 2012 (Dkt No. 43), the government explicitly stated that it took the position that Mr. Song "is competent to stand trial" (¶ 6), that he appeared "fully competent" when the offense occurred on June 26, 2012 and when he was interviewed by agents that same day (¶ 8), and that "he has appeared competent in several hearings before this Court."(¶ 8). The government reiterated that position during the status hearing on October 16, 2012.

In that same pleading filed October 15, 2012 (Dkt No. 43), the government stated that its own counsel "has spoken with three licensed and certified psychologists in the Washington, D.C. metropolitan area, each of whom is qualified to conduct an examination of the defendant in accordance with federal standards." (¶ 9).

Neither at the status hearing on October 16, 2012 , nor in its pleading filed the previous day, did the government offer any evidence that the commitment of Mr. Song to a BOP facility was necessary for an adequate examination, or that an adequate examination could not be conducted on an outpatient basis.

On October 23, 2012, the Court ordered Mr. Song committed to the custody of the Bureau of Prisons for a mental health evaluation regarding competency and issues related to an insanity defense (Dkt. No. 53). On November 1, 2012, counsel for Mr. Song filed a notice of appeal from that order of commitment (Dkt. No. 54).

To avoid the imminent, irreparable harm that will result should Mr. Song prevail in his appeal, he respectfully requests a stay of the Order (Dkt. No. 53) committing him to the Bureau of Prisons pending resolution of the interlocutory appeal.

## II. ARGUMENT

### A.    Applicable Legal Standard

To decide whether to issue a stay pending appeal of a collateral order, this Court considers the following relevant factors:

(1)    whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2)    whether the applicant will be irreparably injured absent a stay;
(3)    whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4)    where the public interest lies

*Nken v. Holder*, 556 U.S. 418, 426 (2009).

### B.    Success on the Merits

With utmost respect to this Court, Mr. Song submits there is a strong likelihood of success on appeal – if not a complete reversal, at least a remand for fact finding. First, defense counsel provided the Court with statutory authority and case law to support Mr. Song's request that the Court order the examination take place on an outpatient basis. Second, the government stated that its own counsel "has spoken with three licensed and certified psychologists in the Washington, D.C. metropolitan area, each of whom is qualified to conduct an examination of the defendant in accordance with federal standards." Third, the government failed to offer any evidence that the

commitment of Mr. Song to a BOP facility was necessary for an adequate examination, or that an adequate examination could not be conducted on an outpatient basis. Instead, the limited evidence before the Court would only have been relevant to the threshold issue of whether an evaluation was necessary.

Finally, the Court denied Mr. Song's request for a due process hearing at which the government would have to present actual evidence to meet its burden to show that incarcerating Mr. Song to conduct the evaluation was necessary under the circumstances. The record before the Fourth Circuit Court of Appeals will be completely devoid of fact finding on the issue of necessity for a custodial evaluation, and therefore, Mr. Song submits there is a strong likelihood of success on appeal.

In that regard, any discretion given the court by 18 U.S.C. § 4247(b) to remand a defendant into custody for the purpose of an examination is subject to due process requirements. *See United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012); *In re Newchurch*, 807 F2d 404,409 (5th Cir. 1986). Before committing a defendant to custody for the purpose of such an examination, the court <u>must</u> determine, on the basis of evidence submitted by the government, subject to cross-examination and to rebuttal by the defendant, that the government cannot adequately prepare for trial on the insanity issue by having the defendant examined as an outpatient. *See United States v. Neal*, 679 F.3d at 741; *In re Newchurch*, 807 F2d at 411.

A district court should not exact "such a deprivation of liberty" unless there is some "evidence" that commitment is "necessary." *United States v. Neal*, 679 F.3d at 741; *In re Newchurch*, 807 F2d at 410. The government must offer some evidence to establish the presence of "compelling governmental interests" which would require that the evaluation be conducted pursuant to a custodial commitment at a BOP facility rather than on an outpatient basis. *United States v. Neal*,

679 F.3d at 741. In addition, the district court should <u>not</u> undertake to evaluate the quality of outpatient examination as opposed to custodial examination "solely on its personal past experience," for that experience "is neither a matter of record, a subject for cross-examination, nor a question susceptible to review on appeal." *In re Newchurch*, 807 F2d at 411-12.

     C.    <u>Irreparable Harm</u>

The Order in question conclusively determines that Mr. Song will be subjected  to incarceration at a Bureau of Prisons facility in the near future.  The Order implicates important liberty interests and subjects Mr. Song to up to 45 days of incarceration for reasons unrelated to guilt or innocence.  Incarceration under 18 U.S.C. § 4247(b) is separate and apart from the merits of the criminal charges.  Moreover, should the Court *not* grant a stay, the issue cannot be effectively reviewed on appeal.  The act of being incarcerated cannot be undone.  Due to this harsh reality, any prejudice to Mr. Song cannot be ameliorated by later appellate review.

     D.    <u>No Prejudice to the Government</u>

The government  will not be injured by a stay of the Court's order.  Mr. Song will remain on pretrial release supervision under all the stringent conditions previously set. Additionally, because the issue presented in this appeal is narrow and straightforward, a stay to permit expedited review by the Fourth Circuit Court of Appeals will not cause any great delay of Mr. Song's trial. Furthermore, since all of the government's trial witnesses will be law enforcement officers and possibly a mental health expert, and the alleged offense conduct occurred fairly recently, any trial delay will not prejudice the ability of the government to present evidence at trial.

     E.    <u>Interest of the Public</u>

The general interest of the public in the justice system moving forward at a reasonable pace will not be harmed by the stay requested herein. The alleged offense conduct occurred only a few

months ago, and the length of the stay would be limited and only what is necessary for the Court of Appeals to conduct an expedited review. Any delay caused by the mental health evaluation process itself will exist whether or not a stay is granted. In addition, the public interest in guaranteeing that a person not yet convicted maintain his or her liberty, unless compelling reasons exist to take away that liberty, would be served by granting the requested stay.

### III. CONCLUSION

For the reasons stated above, Mr. Song respectfully moves this Honorable Court to stay its Order requiring Mr. Song to surrender to a Bureau of Prisons (BOP) facility for a custodial mental health evaluation on November 8, 2012 (Dkt. No. 53), pending the appeal from that order to the Fourth Circuit Court of Appeals. A stay of the commitment order is necessary to prevent the appeal from becoming moot and to prevent irreparable harm. *In the alternative*, should this Court deny the stay, then Mr. Song requests that this Court postpone the surrender date by two weeks, to November 22, 2012, to allow Mr. Song time to seek a stay from the Fourth Circuit Court of Appeals.

Respectfully submitted,

CHARLIE SONG

By Counsel,

Michael S. Nachmanoff,
Federal Public Defender

By: _____/s/_____
Kevin Brehm
Assistant Federal Public Defender
VA Bar number 82895
Attorney for Charlie Song
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

703-600-0825
703-600-0880 (fax)
kevin_brehm@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ryan Dickey, Esq.
Assistant U.S. Attorney
Alicia J. Yass, Esq.
Special Assistant U.S. Attorney (LT)
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
(703) 299-3980 (fax)
ryan.dickey@usdoj.gov
alicia.j.yass@usdoj.gov

_____/s/_____
Kevin Brehm
Assistant Federal Public Defender
VA Bar number 82895
Attorney for Charlie Song
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
kevin_brehm@fd.org